IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA

**EVERETTE LOVELESS, #238775**
Full name and prison number
of plaintiff(s)

v.

**COMM. RICHARD FRED ALLEN, ET AL.**

**WARDEN J. C. GILES**

**WARDEN LEON FORNISS**

**ASSOC. COMM. RUTH NAGLICH**

Name of person(s) who violated
your constitutional rights.
(List the names of all the
persons.)

CIVIL ACTION NO. 2:08CV36-F
(To be supplied by Clerk of
U.S. District Court)

I. PREVIOUS LAWSUITS

   A. Have you begun other lawsuits in state or federal court dealing with the same or similar facts involved in this action? YES ( )  NO (**XX**)

   B. Have you begun other lawsuits in state or federal court relating to your imprisonment? YES ( )  NO (**XX**)

   C. If your answer to A or B is yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

      1. Parties to this previous lawsuit:

         Plaintiff(s) __**N/A**__

         Defendant(s) __**N/A**__

      2. Court (if federal court, name the district; if state court, name the county) __**N/A**__

3. Docket number __N/A__

4. Name of judge to whom case was assigned __N/A__

5. Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?) __N/A__

6. Approximate date of filing lawsuit __N/A__

7. Approximate date of disposition __N/A__

II. PLACE OF PRESENT CONFINEMENT __J. B. EVANS CORRECTIONAL Facility 500 ROUTH- NEWELLTON, LOUISIANA 71357__

PLACE OF INSTITUTION WHERE INCIDENT OCCURRED __Ventress C. F. Staton C. F. J. B. Evans C. F. Alabama Department of Corrections__

III. NAME AND ADDRESS OF INDIVIDUAL(S) YOU ALLEGE VIOLATED YOUR CONSTITUTIONAL RIGHTS.

| | NAME | ADDRESS |
|---|---|---|
| 1. | Comm. Richard Fred Allen | Post Office Box 301501 301 S. Ripley St. Montg. Al. |
| 2. | Assoc. Comm. Ruth Naglich | Post Office Box 36130-1501 301 S. Ripley St. Montg. Al. |
| 3. | Warden J. C. Giles | Ventress Correctional Facility P. O. Box 767 Clayton, Al. 36016 |
| 4. | Warden leon Forniss | Post Office Box 56 Elmore, Alabama 36025 |
| 5. | | |
| 6. | | |

IV. THE DATE UPON WHICH SAID VIOLATION OCCURRED __November 5, 2007 to present.__

V. STATE BRIEFLY THE GROUNDS ON WHICH YOU BASE YOUR ALLEGATION THAT YOUR CONSTITUTIONAL RIGHTS ARE BEING VIOLATED:

GROUND ONE: __Violation of Plaintiff Eighth and Fourteenth Amendment Right prohibiting Cruel and Unusual Punishment, Denial meₙdical Treatment and care, and Denial Due Process__

2

STATE BRIEFLY THE FACTS WHICH SUPPORT THIS GROUND. (State as best you can the time, place and manner and person involved.)

**SEE ATTACHED SHEET**

GROUND TWO: Denial Equal Protection, and denial medical treatment and proper care.

SUPPORTING FACTS: SEE ATTACHED SHEET

GROUND THREE: Deliberate Indifference to serious medical problems and denial of access to proper medical treatment and

SUPPORTING FACTS: SEE ATTACHED SHEET

ATTACHED GROUNDS AND CLAIMS

GROUND ONE:

<u>Violation of Plaintiff's Eighth and Fourteenth Amendment Rights against cruel and unusual punishment, denial of proper medical treatment for serious medical problems, denial of medical treatment, and the denial of due process and equal protection of the laws of the United States</u>.

SUPPORTING FACTS:

Sometime prior to November 5, 2007 the defendant Commissioner Fred Allen of the Alabama Department of Corrections elected to have authorized for State of Alabama inmates to be transported to out-of-State private prison, and thereby be placed under the custody and care of Officials with the LCS Corrections Service Incorporation. On and thereafter November 5th, 2007 per authorization of the defendant Commissioner of the Alabama Department of Corrections Fred Allen, the Plaintiff Everette Loveless AIS# 238775, after having been legally convicted and sentence by the Honorable Charles Graddick of the Fifteenth Judicial Circuit Court of Mobile County, Alabama to a term of twenty (20) years in the Alabama Department of Corrections, whereby the Plaintiff Everette Loveless was thereafter transported by the Mobile County Sheriff's department and delivered to the State of Alabama Department of Corrections to begin serving the imposed sentence.

After being placed within the Alabama Department of Corrections, and thereafter being properly recognized and medically diagnosed as a diabetic, whom required medications daily, as well as chronic care and treatment along with mental health therapy, as was further defined Department of Corrections settlement agreement in Gaddis v. Campbell, supra.

On or thereabout November 5th, 2007 while still in the custody

1

and care of the Alabama Department of Corrections at the Ventress Correctional Facility under the direct care of defendant Warden J. C. Giles, the defendant J. C. Giles having pertinent and direct knowledge of the Plaintiff's status as a diabetic and chronic care recipient, as well as being party to and having knowledge of the Federal Court's agreement of the settlement in Gaddis v. campbell, which the same was required to be posted in all institutions within the Alabama Department of Corrections, and prior to the transfer to the State of Louisiana the Plaintiff had spoken with the defendant warden J. C. Giles concerning the proposed transfer out-of-State due his to his medical condition and chronic care treatment and supervision which all diabetics within the Alabama Department of Corrections are under such care more so now since the decision in Gaddis and the settlement then once previous, however, and contrary to the disruption of proper treatment and care, the defendant Warden J. C. Giles warded off the Plaintiff concerns of and for his health and placed the Plaintiff on transfer, whereby the Plaintiff was transported by Alabama Department of Corrections transport Officers to the Staton Correctional Facility for lay-over in route to the State of Louisiana to the J. B. Evans Correctional facility located in Newellton, Louisiana.

On November 5th, 2007 after being transported to the Staton Correctional facility for lay-over in route to the State of Louisiana, the plaintiff arrived with numerous other inmates at the State facility in Elmore County, Alabama where the Plaintiff was placed into the prison population for bed and rest, and this arrival was after the normal work hours for the main administration so there was no one for the Plaintiff to consult with for answers or further protest of the transfer out-of-State, because the Warden and Classification department had left the institution for the day.

attachment page (2)

Upon his arrival at the J. B. Evans Correctional Facility, and since thereafter, this Plaintiff has been swamped with a number of medical problems and denial of prescribed medicines which had been previously prescribed while incarcerated within the Alabama Department of Corrections, which the Plaintiff avers that was denied to him by the Alabama Department of Corrections refusal to properly have the medications transferred with the Plaintiff which led to the outcome of the Plaintiff being denied prescribed medicine for over thirty (30) upon his transfer and arrival in the State of Louisiana.

The Plaintiff avers that he was and is a type II diabetic as well as a Hepatitis C patient, and the medical staff of the Department of Corrections in Alabama was aware of this matter, which such medical conditions are noted in the very opening of inmates medical files as a sort of heads-up, however, the Plaintiff avers that due to this open neglect and lack of proper medications being provided he has had his medical problems inflamed and worsen since his transfer out-of-State without due care in assuring that proper medical treatment and care was being provided by the out-of-State prison facility.

The Plaintiff avers that upon his initial medical review at the J. B. Evans Correctional Facility, he was informed by Nurse Allen with the J. B. Evans medical staff that chronic care treatment was not part of the medical treatment at the institution, and it took an additional thirty (30) days for the medical staff to be supplied with a meter to take and keep record of my blood-sugar level, and an additional thirty (30) days before I was able to see a medical doctor at this institution but once I was allowed to see the medical staff, I was then transferred to a medical facility in Hattisburg, Mississippi where it was discovered that I was in fact bleeding from my rectum, which I had been complaining to medical staff concerning the problem for weeks with no results until some three weeks after my initial discovery and complaint being filed

attachment page (3)

with the medical staff at the J. B. Evans Correctional Facility.

The Plaintiff avers that after his out-side visit with the medical facility in Hattisburg, Mississippi, the Medical Doctor set an appointment for me to be seen by a specialist on January 3, 2008, however, upon Alabama Department of Corrections being notified of the scheduled appointment made by the physician, the Alabama Department of Corrections notified the J. B. Evans Correctional Facility not to worry about the Plaintiff's medical problems that they would be taken care of by the State of Alabama, and therefore the appointment with the specialist was cancelled per directions of Alabama Health Services, and Nurse Allen informed me and my family whom had called to the J. B. Evans facility to consult officials concerning the lack of medical treatment being denied to the Plaintiff.

The Plaintiff avers that the Commissioner's Office was contacted and Commissioner Richard Fred Allen informed the Plaintiff's sister there was no need to worry because Alabama was going to have the Plaintiff taken of, as to how the Plaintiff nor his family has been told, and the Plaintiff illness has continued to go unchecked, and the Plaintiff is still passing blood through his rectum.

The Plaintiff avers that he informed Nurse Mary Morgan of the blood still being released from his rectum, however, was told that there was nothing that could be done because Alabama was going to take care of the problems I were having and that they could not otherwise do anything at this time.

The Plaintiff avers that his medical problems have gone unchecked at the J. B. Evans Correctional Facility, and that this problem exist only because Officials with the Alabama Department of Corrections have attempted to play Doctor over the phone, and any medical treatment that the medical staff here at the J. B. Evans Correctional Facility attempts to provide, once Alabama has been notified of the planned treatment, the

attached page (4)

Official in Alabama inform the medical to void such treatment because they (Alabama) would take care of the plaintiff.

The Plaintiff avers that he has been denied the special diet that was prescribed and is prescribed by the American Diabetes Association (ADA) as well as the terms of the agreement that the Alabama Department Of Corrections entered into in Gadis v. Campbell, and contrary to the treatment and care that the Plaintiff was provide while incarcerated in Alabama, all such treatment and care has been denied to this Plaintiff since November 5, 2007.

The Plaintiff avers that the Alabama Department of Corrections have interferred with the medical treatment and care of the Plaintiff since his removal from the sentencing State, and has prevented staff at the J. B. Evans Correctional Facility from providing the PLaintiff with needed medical treatment and care, and the Plaintiff avers that such actions have been malicious, reckless, indifferent to the medical needs of the plaintiff and has otherwise denied the Plaintiff to be medically treated for his serious medical problems, as well as totally prevented the medical staff at the J. B. Evans Correctional Facility from providing such medical treatment as is being prescribed by the medical staff at the free-world medical Facilities by specialist whom have attended to the Plaintiff since his transfer to the State of Louisiana at the J. B. Evans Correctional Facility.

The Plaintiff avers that all of his medically prescribed medicians are being denied and/or delayed, and the Plaintiff special diets are being denied as well, and the prison official named herein this complaint from the wardens at the institutions where the Plaintiff was placed under the direct care thereof, and the Associate Commissioner over the Health Services from Alabama, and the Commissioner have all neglected to insure that medical treatment and acre be properly provided, and have otherwise embarked upon a method of denying the Plaintiff the right to

attached page (5)

receive proper medical treatment and care regardless of whom diagnose the Plaintiff while incarcerated here at the J. B. Evans Correctional Facility, and required that the State of Louisiana Officials notify them of any such treatment prior to providing the Plaintiff therewith, and if such treatment and care is finincially unfavorable, then the Alabama Officials inform the J. B. Evans staff not to provide such treatment, and inform the officials that they, Alabama would take care of the Plaintiff, which such taking care of, whatever that is meant to infer, never manifest itself, and the Plaintiff continues to suffer from the denial of the proper medical treatment and care that his body is in need of.

The Plaintiff avers that the continued non-treatment of his medical problems only worsens his illness and make them more life threatening due to the failure to treat them, and the lack of needed chronic care treatment, which is meant to maintain observation and physical checks on the Plaintiff's progress, so that proper care can be given and any deteriations detected sooner rather than later, where such earlier detections are are more able to be treated properly.

The Plaintiff avers that his medical conditions have been worsening since his placement and transfer to this out-of-State prison facility where the Plaintiff has been denied (By Alabama Prison Officials) proper medical treatment and care that he would otherwise be given in a State Prison Facility, and the chronic care treatment would have been provided continueously and his medical problems delt with in a prompt manner, contrary to the care that being provided out-of-state where the Plaintiff avers that he is being given little to no medical assistance and treatment due to Alabama Prison Officials out-of-State intervening in the medical staff here at the J. B. Evans Correctional facility otherwise providing the medical treatment and care that is being Physicianally attempted to be treated while the Plaintiff is being incarcerated in

attached page (6)

this out of State Facility.

The Plaintiff avers that Commissioner Richard Fred Allen, the Associate Commissioner Ruth Naglich over Health Service for the Alabama Department of Corrections, Warden J. C. Giles, and warden Leon Forniss have all wantonly and maliciously, with total disregard and indifference to the Plaintiff's medical needs, have outright lied to the Plaintiff's family, and misled the prison officials here at the J. B. Evans Facility and its medical staff concerning the Plaintiff and his medical treatmeent and care, as well as withheld medical treatment from the Plaintiff while pretending that the Alabama Department of Corrections would see to it the PLaintiff is treated for his medical problems and cared for.

The Plaintiff avers that such actions and non-action by Alabama Prison Officials to denied and otherwise prevent him from being treated violates his rights guaranteed by the constitution of the United States and such actions by the named prison officials have been committed under the disguise of acting under state laws and privileges.

attached page (7)

VI. STATE BRIEFLY EXACTLY WHAT YOU WANT THE COURT TO DO FOR YOU. MAKE NO LEGAL ARGUMENT. CITE NO CASES OR STATUTES.

AWARD THE PLAINTIFF MONETARY DAMAGES AGAINST EACH OF THE NAMED DEFENDANTS IN COMPENSATORY, PUNITIVE, ANDACTUAL DAMAGES IN THE AMOUNT OF TWO THOUSAND DOLLARS AGAINST EACH DEFENDANT AND AN ADDITIONAL AWARD FOR PAIN AND SUFFERING FOR AN ADDITIONAL SUM OF ONE THOUSAND DOLLAR EACH.

_____
Signature of plaintiff(s)

I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED on  1/5/08  .
             (Date)

_____
Signature of plaintiff(s)

4

STATE OF LOUISIANA
TENSAS PARISH

## AFFIDAVIT

I <u>Ashawnti McCloud</u>, AIS# <u>222945</u> deposes and says:

My name is Ashawnti McCloud and I am over twenty-one (21) and give this affidavit and written statement of my own free will concerning the matters that are hereinafter sworn thereto, which I can testify to hereafter as the truth of my knowledge thereof as follows:

I Ashawnti McCloud AIS# 222945 did witness the following events on the 6th day of November, 2007 while being transferred from the Staton Correctional Facility in Elmore County, Alabama to the J. B. Evans Correctional Facility in Newellton, Louisiana.

While waiting in the B-Dorm receiving area at the Staton Correctional Facility along with inmate Everette Loveless AIS# 238775 when then came along Warden Leon Forniss whom inmate Loveless had been asking for someone to speak to concerning his medical problems, anyhow, inmate Everette Loveless and Warden discussed his medical problems and special chronic care treatment, and I heard Warden Leon Forniss tell inmate Everette Loveless that he would go and have the matter checked into before he was placed on transfer, and at that time Warden Leon Forniss left the area and stayed gone some fifteen (15) to twenty-five (25) minutes, whereby the transfer bus had to wait because inmate Everette Loveless had not been placed on the transport bus.

Thereafter the Warden (Leon Forniss) did return as I said some fifteen (15) to twenty-five (25) minutes later and I don't know what the conversation was, because by that time all the other inmates which included myself had been placed on the transfer bus, but upon the Warden return, inmate Everette Loveless was prepared for transfer and placed on the transfer bus for transport to Louisiana with the rest of the

inmates whom had already been placed on the bus and was awaiting the return of Warden Forniss and the outcome of inmate Everette Loveless.

Upon our arrival in Louisiana at the J. B. Evans Correctional Facility the transport Officers informed the Officers present that food was needed for inmate Everette Loveless whom was a diabetic or that something was needed to bring his sugar level up which had fallin while in transport to the State of Louisiana, and inmate Everette Loveless had informed the Officer on the bus that he had not received his medications at the Staton Correctional facility prior to leaving that morning. The Officers at the J. B. Evans Correctional facility took inmate Everette Loveless to the kitchen i assumed and gave him something from the kitchen.

I sware that the above is true and correct to the best of my own knowledge and witness of the stated events. Done on this the 5 day of January, 2008.

Ashawnti A McCloud
A F F I A N T

WE, THE UNDERSIGNED VERIFY THAT THE ABOVE NAMED PERSON KNOWN AS ASHAWNTI McCLOUD, AIS# 222945 HAVE GIVEN WITNESS HERETO, AND SIGNED THE SAME UNDER OATH ON THIS THE 5 DAY OF January, 2008. WE NOW GIVE WITNESS HERETO AS THERE IS NO NOTARY SERVICE AVAILABLE AND WE ARE ASKED TO GIVE WITNESS HERETO WHICH WE DO FREELY AT THIS TIME.

Frank R. Walker, 158333
PRINT NAME AND AIS#

[signature]
WITNESS SIGNATURE

Steve Allen 160841
PRINT NAME AND AIS#

[signature]
WITNESS SIGNATURE

William Woods 230163
PRINT NAME AND AIS#

William Woods
WITNESS SIGNATURE

page two of two pages

STATE OF LOUISIANA
TENSAS PARISH

### AFFIDAVIT

I <u>Willie Cox</u>, AIS # <u>225296</u> deposes and says:

My name is Willie Cox and I am over the age of twenty-one (21), and give this affidavit of my own free will concerning the matters that are herein swarn thereto, which I can testify to hereafter as the truth of my knowledge thereof as follows:

I Willie Cox AIS# 225296 did witness the following on November 6th, 2007. While being transferred from the Staton Correctional Facility in Elmore, Alabama to the J. B. Evans Correctional Facility in Newellton, Louisiana, I witness inmate Everette Loveless, AIS# 238775 speaking with Warden Leon Forniss in the B-Dorm receiving area about his medical problems and special diabetic needs and chronic care treatment. Warden Leon Forniss told inmate Everette Loveless that he would go and check on the matter of his medical diabetic needs.

The transport bus was held up awaiting the return of Warden Forniss for about fifteen (15) to twenty (20) minutes because of the Warden leaving to check on inmate Everette's medical problems. Thereafter the return of Warden Forniss, inmate Everette Loveless was readied for the transfer and placed on the transport bus for transfer to Louisiana.

Immediately upon our arrival in the State of Louisiana inmate Everette Loveless had to be given something to eat, because it was said by prison officials that his sugar level was low and his medical need required this feeding for stablization.

I sware that this statement is true and correct to the best of my knowledge, and I have attempted to have this statement notarized heer at the J. B. Evans Correctional Facility and was told that notary service was only once a month so I have acquired three signatures with mine as

**page one of two pages**

**verification** of my willing signature hereto on this the 5 day of JANUARY, 2008.

_____Willie Cox_____
A F F I A N T

WE THE UNDERSIGNED VERIFY THAT THE ABOVE NAMED PERSON KNOWN AS WILLIE COX, AIS# 225296 have given witness hereto, and signed the same under oath on this the 5 day of January, 2008 before, and we give witness hereto, and further verify that there is no notary service at this prison facility at this time.

Frank R. Walker, 128333        Frank R Walker
PRINT NAME AND AIS#            WITNESS SIGNATURE

Steve Allen 160841             Steve Allen
PRINT NAME AND AIS#            WITNESS SIGNATURE

William Woods 230163           William Woods
PRINT NAME AND AIS#            WITNESS SIGNATURE

page two of two pages
>>

Mr. Everette Loveless
AIS#238775  Unit #H-22
J. B. Evans Correctional Facility
500 ROUTH
Newellton, Louisiana
71357



MAIL UNCENSORED
CORRECTIONAL FACILITY

United States District Court
Middle District of Alabama
℅ Hon. Debra P. Hackett, Clerk
Post Office Box 711
Montgomery, Alabama
36130-0711
01