## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

EVERETTE LOVELESS #238 775       )
       **Plaintiff, Pro-se**       )

VS.       ) **CASE NO:2:08-CV-36-MEF**
       )

**RICHARD F. ALLEN, et al.,**       )
       **Defendant(s)**       )
       )

### PLAINTIFF'S RESPONSE TO DEFENDANTS SPECIAL REPORT
### AND
### MOTION FOR SUMMARY JUDGMENT

Come now the Plaintiff, Everette Loveless # 238 775, pro-se and hereby enters unto this

Honorable Court for the Middle District of Alabama (Northern Division) his response to

the defendant's special report and motion for summary judgment.

1. Everrette Loveless (hereinafter "Loveless" is an Inmate currently housed at the Staton

Correctional Center in Elmore, Alabama, whose address is P. O. Box # 56 Elmore, AL

36025. Inmate Loveless objects to the State's averment to this court that he is convicted

of Murder; Loveless pled guilty on December 13th, 2004 to the Offense of Manslaughter

and is sentenced to a term of 20 years within the Alabama Department of Corrections.

(see attached Plaintiff's Exhibit 1)

2. Leon Forniss, Warden Staton Correctional Facility shall hereinafter be dismissed by

the plaintiff as a defendant in this matter.

3. J. C. Giles, Warden, Ventress Correctional Facility, shall hereinafter be dismissed by

the plaintiff as a defendant in this matter.

4. The Answer of the Defendant(s) states the Plaintiff's allegations demand strict proof.

**The Plaintiff "Loveless" states;** To show the strict proof as required by the Defendant(s) the court's attention is called to the Records of the Louisiana Prison System (Defendant's Exhibit D- pg.9, 11, 12, **15, 20,** 21, 23 and 24) and (Defendant's Exhibit C pg. 1, 14, 21, 37, 48, **50,** 54, 55, 56,) the Plaintiff adopts as fully as set out the Exhibits of the Defendant C & D.

5. Richard Allen (Defendant) State of Alabama Prison Commissioner, whose care, custody and control, of the Plaintiff Loveless who as Commissioner has the responsibility for care custody and control of said party shall henceforth be named as a defendant in this suite.

6. Ruth Naglich (Defendant) - Associate Commissioner of Health Services for the State of Alabama Department of Corrections, whose duties within the department is to over see the Medical Care, treatment and medical treatment given to the Inmates entrusted to the care, custody and control of the Alabama Department of Corrections shall henceforth be named as defendant herein.

7. The Affidavit of Richard Allen, Ala. Dept. of Corrections Commissioner, states that he has not had any contact with the Family of the Plaintiff, also that he (Allen) do not control the daily operations of J. B. Evans, Newellton, Louisiana, Ventress Correctional nor the Staton Correctional Facility as the Commissioner of the Alabama Department of Corrections the Defendant Richard Allen is vested with the deities, responsibilities, contractual rights and obligations associated with this Department..

**Code of Alabama (1975)**

2

A. 14-1-1.1.There is hereby created the Alabama Department of Corrections, hereinafter referred to as the department which shall have all of the **duties, responsibilities**, authority, power, assets, **liabilities**, property, funds, appropriations, **contractual rights and obligations**, property rights and personnel, whether accruing or vested, by operation or by law and which are not in conflict with this section and Sections 14-1-1.2 through 14-1-1.5 which, prior to the enactment of Sections 14-1-15 through 14-1-17, were vested in a Board of Corrections and which, by virtue of such statutes, vested in the Governor of the State of Alabama. **History.** Acts 1983, 1st Ex. Sess., No. 83-69.

14-1-1.3 The department shall be headed by and under the independent direction, supervision and control of a Commissioner of Corrections, .... The commissioner, without additional compensation, shall also serve as and exercise the authority, functions and duties of the Commissioner of Corrections as that position otherwise exists under the laws of Alabama, it being the intention of this section that there be but one Commissioner of Corrections.

(a) **Defendant,  Richard Allen is the Commissioner of the Alabama Department of**

**Corrections** and as such entered into a contract with  J. B. Evans, Newellton, Louisiana

Corrections to house Alabama Prisoners under the direct authority of the State of

Alabama and as the Commissioner has a duty to know the conditions, medical care and

treatment of all Alabama Prisoners under the color of his office and thereby the

Commissioner is responsible to know what treatment or non-treatment is administered to

those Inmates.

(b) The Prison Officials of J. B. Evans Correctional Facility, Newellton, Louisiana

Notified the Alabama Department of Corrections of the Medical needs of Loveless

(see Defendant's Exhibit(D-pg. 20) and on Jan-03-2008 at 10:04 an Request for Consult

Form was faxed by the Medical Doctor/Staff of, J. B. Evans, Newellton, Louisiana, for

authorization from Alabama whereas the order was then to transfer Loveless to Alabama. [Without the requested consult for GI due to Rectal Bleeding]

(c) On 12/31 Inmate Loveless had to be taken to the emergency room by J. B. Evans Correctional by Van for Rectal Bleeding, (Defendant's Exhibit D-pg.23) where upon return Loveless was issued special as well as the J. B. Evans Correctional Center that instructed that follow-up be made with Dr. Panzer on 1-3-2008 at 0830 Am Thursday, (Defendant's Exhibit D- pg.24)

(d) The Defendant's Exhibit D-pg 29 is unclear, and the dates therein are not consistent with the information provided in Defendant's Exhibit D-pg 9, 11, 12, 15, 19 where the Plaintiff Loveless made numerous requests for chronic care treatment for diabetes, hypertension, and Hepatitis. Defendant's Exhibit D-pg 15 that clinical follow-up or care was needed at the Alabama receiving to wit **Medical GI Consult**, Bleeding of an unknown cause in and of itself is in all since of the word constitutes *"**very serious medical need**"* that should not go without medical exams, or treatment as was requested on more that one occasion.

(e) Loveless aver that  Defendants Exhibit C & D both show by a preponderance of proof that the Defendants neglected to attend to the serious medical needs of the Plaintiff and  as of the date of this response to the Defendants Special Report and the affidavits of Commissioner Richard Allen and  Associate Commissioner of Health Services Ruth Naglich, that the serious need for a GI Consult has not been provided and the Rectal Bleeding has gone unchecked.

**Defendant, Ruth Naglich Associate Commissioner of Health Services,** States in the Affidavit that the duties of her office consist of the following; "*My current administrative responsibilities for the Alabama Department of Corrections include the <u>monitoring of the components and the quality of the provision of healthcare to those individual who are in the care, custody and control of the State of Alabama Department of Corrections (A. D. O. C.)</u>*".... "*My position and duties within the department encompasses the administration and oversight of medical and mental health services*".

**The Plaintiff states;** At no time during his stay at the J. B. Evans Correctional Facility nor any subsequent time thereafter was he freed and later incarcerated within the State of Louisiana and therefore remained an Alabama Department of Corrections Inmate.

L C S Correctional Services is a contracting service that is under contract with the Alabama Department of Corrections, to housed Alabama Inmates, the rules and criterion for an individual who is incarcerated under the Laws of the State of Alabama still serves a sentence therefrom, and by such the Plaintiff Loveless was then and still is under the care, custody and control of the State of Alabama and its Department of Corrections.

The Defendant Ruth Naglich, states that her responsibilities encompasses the administration and **oversight** of medical and mental health services, and to say that there is no one who oversees the medical treatment of Alabama Prisoners who are housed at other contractual facilities is to say by all meaning that Alabama Inmate's are subject to wanton treatment at the whim of contractual authorities.

Everette Loveless states in order for him to prevail upon this claim of Deliberate Indifference to serious medical need he has the burden of showing the following, (1) that

deliberate indifference to serious medical needs of prisoners constitutes the *"Unnecessary and wanton infliction of pain'* as proscribed by the Eight Amendment and (2) *"To show that a prison official acted with deliberate indifference to serious medical needs,* The plaintiff must satisfy both an objective and subjective inquiry.

In <u>Oxendine V Kaplan</u>, 241 F. 3d. 1272 (10th. Cir. 2001) As the Supreme Court of the United States has noted, prisoners have an Eight Amendment right to adequate medical care:

     [E]lementary principal establish the government's obligation to provide medical care for those whom it is punishing by incarceration. An Inmate must rely on prison authorities to treat his medical needs; if the authorities fail to do so, those needs will not be met. In the worst case, such a failure may actually produce physical *"torture or a lingering death"* the evils of most immediate concern to the drafters of the Amendment. In less serious cases, denial of medical care may result in pain and suffering which no one suggests would serve any penological purpose. The infliction of such unnecessary suffering is inconsistent with contemporary standard of decency...

**(1);** Everette Loveless, who began suffering with Rectal Bleeding on or about 12/31/2007 and was then transported to the emergency room of River Region Medical Center.

**(2);** Everette Loveless, has had request made for GI Consults that have gone unheeded by prison officials of the Alabama Department of Corrections.

**(3);** Following the Emergency Room visit the Examining Physician requested that Loveless by seen by Dr. Panzer for follow-up treatment with Dr. Panzer on 1/3/08 for Rectal Bleeding the following is stated on the Defendants (Exhibits-D- pg. 20, 23, 24) and continues on in (Defendants Exhibits-C-pg.45, 50, 55, 56,) clearly the defendant

exhibits show that for a period of some five months to the day of the filing of this reply
the rectal bleeding has gone unabated and no GI Consult has been performed to find the
cause of the bleeding.

(4). On Defendants Exhibit -C- pg. 48, 50, and 54, the Plaintiff request the court to
note the deletions and alterations that have been made to the reports.

(5) The Defendants concede that diabetes, uncontrolled hypertension and hepatitis C
are all likely constitutes serious medical needs, but no where in the report is there
mention of the Plaintiff's Rectal Bleeding and a lay person would have the knowledge to
know that any internal bleeding requires immediate medical attention by qualified
personnel and diagnostic examinations to determine cause and effect.

(6) The Defendant are correct in the assumption that Inmates do not have a protected
right to confinement in a particular penal facility, yet the Plaintiff was sent to a facility
that was not equipped nor foretold of the special medical needs of Loveless, and upon his
arrival at the J. B. Evans Facility it was noted that Lab abnormalities and readings were
not within the normal limits (Exhibit-D- pg. 15 ). Loveless who is diabetic did not have
the proper care when he was transported to the out of state facility and as such with
diabetics this would surely place loveless in danger associated with this condition, and
even more so the proper medications and testing supplies not being available placed the
Plaintiff further at risk of danger.

(7) The Defendants contend that Loveless was transferred back to an Alabama Prison
on or about January 10, 2006, and the emergency room report dated 12/31/2007 enters
the following special instructions "FOLLOW-UP WITH DR. PANZER ON 1/3/2008 AT

7

0830 AM THURSDAY" yet on the day of the follow-up January 3, 2008 the J. B. Evans Correctional Center's Consult form that only show page 2 of 3 states the requested consult for GI and in the Denied/ Approval box shows (Transfer to Alabama- Exhibit - D-pg20) all other dates shown for treatment are in-house and there are request by P. H. S and C .M. S. have gone unheeded by D. O. C. Officials.

(8) In as much to say that the Plaintiff who is an Alabama Inmate and has complained to Prison Officials of the rectal bleeding and the Medical Personnel who saw the Plaintiff not only in Louisiana, but Alabama as well have all noted the need for the GI Consult but in an effort to strive off the cost of such testing the Plaintiff is still yet awaiting this procedure and as yet still suffering unchecked rectal bleeding and abdomen pain due to an untreated condition that require specialized test to establish the cause, that has been delayed and this delay has caused the Plaintiff a great deal of physical as well as mental anguish, to ask only one question of any lay person " *If you were suffering rectal bleeding would you delay seeing a doctor for testing and diagnosis as soon as possible?* ".

The Plaintiff is incarcerated within an Alabama Department of Corrections Facility and does not have the means to schedule medical appointments nor to seek out other medical testing to determine the cause and effect of the rectal bleeding and is at the mercy of the Alabama Department of Corrections. *Estelle v. Gamble, 429 U.S. 97, 104, 50 L. Ed. 2d 251, 97 S. Ct. 285 (1976) . Deliberate indifference can be manifested by prison personnel intentionally denying or delaying access to medical care, by prison personnel interfere with prescribed treatment, or by prison doctors responding*

8

*indifferently to a prisoner's medical needs. Estelle, 429 U.S. at 104-05. ..* [5-8] In regard to the objective element, a medical need is considered "sufficiently serious" if the condition "has been diagnosed by a physician as mandating treatment or......is so obvious that even a lay person would easily recognize the necessity for a doctor's attention" **Hunt V. Uphoff, 199 F.3d. 1220, 1224 (10th Cir. 1999)** (citations and quotations omitted)

Whether the prison official had the requisite knowledge of a substantial risk to an inmate's health or safety "is a question of facts subject to demonstration in the usual ways, including inference from circumstantial evidence and a fact finder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." See *Farmer, 511 U.S. at 842, 114 S. Ct. 1970 (citation omitted).*

In the case at bar the prison medical personnel have made request for specialized testing to be performed of the Plaintiff to ascertain

the origin of the internal bleeding (rectal bleeding) and yet the Officials within the Alabama Department of Corrections have delayed in obtaining specialized medical testing/treatment meets the objective element of the deliberate indifference test. The rectal bleed going unchecked for numerous months even after contractual medical personnel made request for specialized testing, and as yet still on going is "*Sufficiently serious*" because it is "*so obvious that even a lay person would easily recognize the necessity for a doctors attention*".

The fact that the plaintiff Loveless suffers diabetes, hypertension, and Hepatitis C combined with the unchecked rectal bleeding is by far, ample cause for alarm and whether in comparison to the Defendant's suffering  the cost of the colonoscopy

*indifferently to a prisoner's medical needs. Estelle, 429 U.S. at 104-05.* .. [5-8] In regard to the objective element, a medical need is considered "sufficiently serious" if the condition "has been diagnosed by a physician as mandating treatment or......is so obvious that even a lay person would easily recognize the necessity for a doctor's attention" **Hunt V. Uphoff, 199 F.3d. 1220, 1224 (10th Cir. 1999)** (citations and quotations omitted)

Whether the prison official had the requisite knowledge of a substantial risk to an inmate's health or safety "is a question of facts subject to demonstration in the usual ways, including inference from circumstantial evidence and a fact finder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." See *Farmer, 511 U.S. at 842, 114 S. Ct. 1970 (citation omitted).*

In the case at bar the prison medical personnel have made request for specialized testing to be performed on the Plaintiff to ascertain, the origin of the internal bleeding (rectal bleeding) and yet the Officials within the Alabama Department of Corrections have delayed in obtaining specialized medical testing/treatment meets the objective element of the deliberate indifference test. The rectal bleed going unchecked for numerous months even after contractual medical personnel made request for specialized testing, and as yet still on going is *"Sufficiently serious"* because it is *"so obvious that even a lay person would easily recognize the necessity for a doctors attention".*

The fact that the plaintiff Loveless suffers diabetes, hypertension, and Hepatitis C combined with the unchecked rectal bleeding is by far, ample cause for alarm and whether in comparison to the Defendant's suffering  the cost of the colonoscopy

procedure, the serious need for the treatment and procedure to make a more specific diagnosis of the condition and the cause of the bleeding is obvious in the record provided by the defendants and adopted by the plaintiff,   the plaintiff is in grave risk of death due to this ongoing condition and is languishing with the loss of blood and abdominal pains as a result.

Wherefore the Plaintiff Everette Ray Loveless # 238 775 prays that this Honorable Court grant this cause and enter judgments in the following forms; (1) Injunctive Order that Loveless be transported to professionals who are equipped to perform the colonoscopy.  (2) That this Honorable Court view this matter in its totality and enter a ruling consistent with the complaint of the Plaintiff, and [o]r in the alternative this Honorable Court set this matter for jury trial.

I hereby swear under the penalty of perjury that I am the party requesting the fore going action.

Respectfully Submitted

Everette Ray Loveless, pro-se

In Witness Wherefore, I have hereunto set my hand and affixed my official seal this the /5ᵗʰ day of May , 2008.

Notary Public
My Commission Expires: Nov 8 2008

10

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was mailed to the

below listed party by placing same pre-paid postage and properly addressed and

depositing same in the US Mail on this the _14_ day of _MAY_, 2008.

Service To:

Debra P. Hackett, Clerk
Middle District of Alabama
P.O. Box 711
Montgomery, AL. 36101-0711

Bettie J. Carmack
Assistant Attorney General
Civil Litigation Division
11 South Union Street
Montgomery, AL 36130

Submitted By

Everette Loveless # 238 775/B1-160A
Staton Correctional Facility
P. O. Box # 56
Elmore, Al 36025-0056

11







Everette Loveless  # 238 775/B1-160A
Staton Correctional Facility
P. O. Box # 56
Elmore, Al 36025-0056


                    Debra P. Hackett, Clerk
                 Middle District of Alabama
                        P.O. Box 711
                 Montgomery, AL. 36101-0711



## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

|  |  |
|---|---|
| **EVERETTE LOVELESS #238 775**<br>**Plaintiff, Pro-se** | )<br>)<br>) |
|  | ) **CASE NO:2:08-CV-36-MEF** |
| **VS.** | )<br>) |
| **RICHARD F. ALLEN, et al.,**<br>**Defendant(s)** | )<br>)<br>) |

### PLAINTIFF'S AFFIDAVIT IN SUPPORT OF EXHIBITS

STATE OF ALABAMA

ELMORE COUNTY

Before me, the undersigned authority, a Notary Public, in and for said County and State of Alabama at Large, personally appeared, Everett Ray Loveless, who being known to me and being first duly sworn, deposes and says on oath as follows:

My name is Everett Loveless. I am presently incarcerated at Staton Correctional Facility, in Elmore, County Alabama. Leon Forniss is the Warden administrator of the facility. I am over twenty-one(21) years of age.

I swear under the penalties of perjury that the following copies of Plaintiff Exhibit-A are true copies of the complaints filed during my stay in the J. B. Evans Facility who was under contractual agreement with the State of Alabama's Department of Corrections whereas I had been sentenced to a lawful term of imprisonment.

EXHIBIT –A CONSISTING OF (09) NINE PAGES OF DOCUMENTATION.

pg. 1- Alabama Department of Corrections Inmate time Sheet Summary.

pg. 2- Case Action Summary Sheet page 3- CC-04-3064.

pg. 3- thru-9- Inmate Medical Request J. B. Evans Correctional Facility.

Respectfully Submitted

Everette Ray Loveless, pro-se

In Witness Wherefore, I have hereunto set my hand and affixed my official seal this

the _15TH_ day of _MAY_____, 2008.

Notary Public

My Commission Expires: _Nov. 8, 2008_

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was mailed to the

below listed party by placing same pre-paid postage and properly addressed and

depositing same in the US Mail on this the _____ day of _____, 2008.

Service To:

Debra P. Hackett, Clerk
Middle District of Alabama
P.O. Box 711
Montgomery, AL. 36101-0711

Bettie J. Carmack
Assistant Attorney General
Civil Litigation Division
11 South Union Street
Montgomery, AL 36130

Submitted By

Everette Loveless # 238 775/B1-160A
Staton Correctional Facility
P. O. Box # 56
Elmore, Al 36025-0056

ALABAMA DEPARTMENT OF CORRECTIONS
INMATE SUMMARY AS OF 11/29/2007                    CO

CBR716-3

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

AIS: 00238775R   INMATE: LOVELESS, EVERETTE RAY          RACE: B  S

INST: 361 - JB EVANS (MALE)                  DORM: 00  JAIL CR: 000

DOB: 10/08/1962  SSN: 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

ADM DT: 12/13/2004 DEAD TIME: 000Y 00M 00D

ADM TYP: NEW COMIT FROM CRT W/O REV OF      STAT: REMOVED FROM SEGRE

CURRENT CUST: MED-9   CURRENT CUST DT: 08/03/2006  PAROLE REVIEW DAT

SECURITY LEVEL: (4) FOUR

SERVING UNDER ACT446 LAW IN CLASS IV         CURRENT CLASS DATE:   1
INMATE IS EARNING : PROHIBITED FROM EARNING GOODTIME

COUNTY      SENT DT  CASE NO  CRIME                      JL-CR
MOBILE      12/13/04 N04003064 MANSLAUGHTER              0204D 020
            COURT COSTS  : $0000291    FINES : $0000000   RESTITUTIO

 TOTAL TERM       MIN REL DT     GOOD TIME BAL    GOOD TIME REV
 020Y 00M 00D     05/13/2024     000Y 00M 00D     000Y 00M 00D

INMATE LITERAL:
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

DETAINER WARRANTS SUMMARY
    INMATE CURRENTLY HAS NO DETAINER WARRANT RECORDS
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

ESCAPEE-PAROLE SUMMARY

    INMATE CURRENTLY HAS NO PAROLE RECORDS

    INMATE CURRENTLY HAS NO PROBATION 754 RECORDS

    INMATE HAS NO ESCAPES FROM ALABAMA D.O.C.
    SINCE D.O.C.I.S. RECORDING BEGAN IN 1978
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

DISCIPLINARY/CITATION SUMMARY

  >> DISCIPLINE: 11/28/2007  TIME LOST: 00Y00M00D   CUST FROM MED9 T
     DISCIPLINE TYPE: MAJOR                AT INST: 361    RULE NUM
     RETAINED DAYS: 0000   SEQ #: 02   RULE LIT: INSUBORDINATION

    >> CITATION: 03/18/2005                      CUST FROM MAX9 T
     CITATION TYPE: BEHAVIOR CITATION     AT INST: 008    RULE NUM
     RETAINED DAYS: 0000   SEQ #: 01   RULE LIT: VIOLATION OF INSTIT.

| Date | Page No. 3 | ACTIONS (Continued) | Case Number |
|---|---|---|---|

CC 04 3064
ID    YR    NUMBER

## State of Alabama v. Loveless, Everette Ray

| | |
|---|---|
| 12/13/04 court | Jury Selection began at 9:00 A.M. Jury selected and placed In recess for lunch at 12:30. |
| | Jury returned at 2:00 P.M. Defendant plead, jury dismissed |
| | On motion of state, and with consent of the defendant, count added charging **MANSLAUGHTER**. |
| | Defendant waives trial by jury and defendant withdraws plea of not guilty and pleads guilty to **MANSLAUGHTER**. |
| | The Court having ascertained in open court that, (1) the defendant understands his constitutional rights, the nature of the crime charged in this indictment, and the consequences of his guilty plea, and (2) the defendant understandingly and voluntarily waives his constitutional rights and pleads guilty. |
| | It is hereby ordered that the defendant's waiver and plea of guilty be accepted and entered in the minutes of this court. |
| | It is further ordered that the defendant be and is hereby adjudged guilty of **MANSLAUGHTER, for which he was indicted, and is now sentenced by the Court** to imprisonment in the State Penitentiary for the term of **20 YEARS**. |
| | Defendant to be given jail credit of 6 mo & 24 days. |
| | It is further ordered that the Defendant pay restitution in an amount to determined at a later date to the victim's family for funeral expenses |
| | IN COURT: Assistant District Attorney, Travis Grant |
| | Defendant's Attorney, Vince Kilborn, IV |
| | Defendant/jail |
| 01/11/05 | MOTIONS FOR RECONSIDERATION FILED BY DEFENDANT -- **DENIED** (Copy to Def.) |
| | Charles A. Graddick |
| | MOTION FOR RECONSDIER SENTENCE FILED BY THE DEFENDANT ON JULY 8, 2005 |
| 07/15/05 | MOTION TO RECONSIDER SENTENCE FILED BY THE DEFENDANT ON JULY 8, 2005 – **DENIED 7/12/05** (Copy mailed to defendant). |

LCS CORRECTIONS SERVICES, INC.

Offender Request

FACILITY: _J B Evans_ _____

TO: _Kitchen Superviser_ _____  DATE: _12/12/07_
(Person to whom request is to be sent)

NATURE OF REQUEST
  MEDICAL ☐     OTHER ☒ (Rep)  _Prepration of meals_
                               (state nature of request)

REQUEST TO OFFICIAL ☐

OFFENDER NAME _Everette Jreekes_ _____  OFFENDER # _#238725_

HOUSING ASSIGNMENT _H-22_ _____

DETAILS OF REQUEST (Briefly state nature or reason for request):
_I ask That All of my meals Be perpare And served By The_
_guide lines of The American Diebets Acrountion (A D A) And_
_Doctor orders_

---

## OFFICIAL USE ONLY

DATE: _____  TIME: _____

REQUEST IS: ( ) Approved    ( ) Denied    ( ) Handled

Request is forwarded to _____

Comments: _____
_____
_____
_____
_____

NOTE: All requests shall be forwarded to the proper official who shall fully answer/handle the request. A copy of the completed Form shall be sent to the offender, the original shall be placed in the Offender File.

LCS CORRECTIONS SERVICES, INC.

Offender Request

FACILITY: *JB Evans*

TO: *Health Care*                                        DATE: *12/12/07*
(Person to whom request is to be sent)

NATURE OF REQUEST
   MEDICAL ☒      OTHER ☐ *That I Be placed on Chronic Care list*
                                   (state nature of request)

   REQUEST TO OFFICIAL ☒

OFFENDER NAME *Everette Loveless*              OFFENDER # *A 238775*

HOUSING ASSIGNMENT *H-22*

DETAILS OF REQUEST (Briefly state nature or reason for request):

*That I Be placed on Chronic Care list Here*

| OFFICIAL USE ONLY |
|---|

DATE: _____        TIME: _____

REQUEST IS: ( ) Approved    ( ) Denied    ( ) Handled .

Request is forwarded to _____

Comments: _____

NOTE: All requests shall be forwarded to the proper official who shall fully answer/handle the request. A copy of the completed Form shall be sent to the offender, the original shall be placed in the Offender File.

LCS CORRECTIONS SERVICES, INC.

OFFENDER GRIEVANCE

Facility: *J B Evans*

Is this an emergency grievance?    Yes ✓    No _____

OFFENDER'S NAME *Everette Loveless*    LOCATION *H-22*

Time & Date of Incident: *N/A*    Location of Incident: *N/A*

Name & Location of Witnesses: *N/A*

Name of Personnel Involved: *N/A*

Summary of Complaint: *I have ask Through a request form that I be place on Chronic Care as I was in The ALDOC*

Specific Relief Desired: *That This Be Answer*

Today's Date: *1/2/11*    Offender's Signature: _____

Grievance #: _____    Date Rec'd: _____

Type: _____    Screened by: _____

Policy/Procedure Challenged? Yes _____ No _____

_____ Hold pending decision in grievance # _____

_____ Accepted and Referred to _____

_____ Rejected/Returned for the following reason: _____

Date _____    Warden or Designee Signature: _____

LCS CORRECTIONS SERVICES, INC.

OFFENDER GRIEVANCE

Facility: *J B Evans*

Is this an emergency grievance?    Yes ✓    No ____

OFFENDER'S NAME: *Everette loveless*    LOCATION: *H-22*

Time & Date of Incident: *N/A*    Location of Incident: *N/A*

Name & Location of Witnesses: *NONE*

Name of Personnel Involved: *NONE*

Summary of Complaint: *I have nsk Through A request form That the Kitchen Supervisor to prepare and serve my meals in accordance to the American Diabetic Association (ADA) and have had no Answer*

Specific Relief Desired: *That I get A answer on This*

Today's Date: *1/2/08*    Offender's Signature: _____

Grievance #: _____    Date Rec'd: _____

Type: _____    Screened by: _____

Policy/Procedure Challenged? Yes _____    No _____

_____ Hold pending decision in grievance # _____

_____ Accepted and Referred to _____

_____ Rejected/Returned for the following reason: _____

Date _____    Warden or Designee Signature: _____

## LCS CORRECTIONS SERVICES, INC.

### OFFENDER GRIEVANCE

Facility: _J B Evans_

Is this an emergency grievance?     Yes _✓_     No ____

OFFENDER'S NAME _Everette Lovekss_ LOCATION _A-22_

Time & Date of Incident: _1/2/08_     Location of Incident: _n/A_

Name & Location of Witnesses: _N/A_

Name of Personnel Involved: _LT Carrol (Kitchen Supervisor)_
_And LT Hemington First ship Supervisor_

Summary of Complaint: _I was told By these people That you (written) And The Doctor stop All Diabetic Doubles And I would like to know How could This Be when The Doctor Has Never seen me About my Diabetes or The Blood work That Has Been done on me Also I would like to see The policy letter on This_

Specific Relief Desired: _That This matter Be Address_

Today's Date: _1/2/08_     Offender's Signature: _[signature]_

Grievance #: _____     Date Rec'd: _____

Type: _____     Screened by: _____

Policy/Procedure Challenged? Yes _____ No _____

_____ Hold pending decision in grievance # _____.

_____ Accepted and Referred to _____.

_____ Rejected/Returned for the following reason: _____

Date: _____ Warden or Designee Signature: _____

## LCS CORRECTIONS SERVICES, INC.

### OFFENDER GRIEVANCE

Facility: _J B Evans_

Is this an emergency grievance?   Yes __✓__   No _____

OFFENDER'S NAME _Euriette loveless_   LOCATION _(#/#) H-22_

Time & Date of Incident: _N/A_          Location of Incident: _N/A_

Name & Location of Witnesses: _none_

Name of Personnel Involved: _Medical Staff_

Summary of Complaint: _Through A request form I have ask That My Blood pressure be monitor regularly_

Specific Relief Desired: _That This Be Answer (ASAP)_

Today's Date: _1/2/08_          Offender's Signature: _____

---

Grievance #: _____          Date Rec'd: _____

Type: _____          Screened by: _____

Policy/Procedure Challenged? Yes _____ No _____

_____ Hold pending decision in grievance # _____

_____ Accepted and Referred to _____

---

_____ Rejected/Returned for the following reason: _____

Date: _____   Warden or Designee Signature: _____

LCS CORRECTIONS SERVICES, INC.

Offender Request

FACILITY: _J B Evans_

TO: _Health Care_                                        DATE: _12/12/07_
(Person to whom request is to be sent)

NATURE OF REQUEST
MEDICAL ☒    OTHER ☐  _That my Blood Pressure Be Check_
(state nature of request)

REQUEST TO OFFICIAL ☐

OFFENDER NAME _Everette Loveless_          OFFENDER # _# 238775_

HOUSING ASSIGNMENT _H-22_

DETAILS OF REQUEST (Briefly state nature or reason for request):
_I suffer from High Blood Pressure And I am asking That_
_my pressure Be Moneter At A regular Interval._

---

| OFFICIAL USE ONLY |
|---|

DATE: _____        TIME: _____

REQUEST IS: ( ) Approved    ( ) Denied    ( ) Handled

Request is forwarded to _____

Comments: _____

NOTE: All requests shall be forwarded to the proper official who shall fully answer/handle the request. A copy of the completed Form shall be sent to the offender, the original shall be placed in the Offender File.

**Correctional Medical Services**

☒ **Medical Grievance**          ☐ **Medical Grievance Appeal**          Staton

<u>Check</u> the appropriate above box which identifies the type of grievance you are filing.  Be aware that you may not check the appeal box if you have not previously submitted a grievance for the same issue.

Everette Loveless    238775         BI-160A    3/13/08
NAME                 AIS #          UNIT       DATE

---

**PART A---Inmate Grievance**

I was transferred back from Louisiana because of a medical problem upon arrival to the doctor here that knew of this problem but was lead made aware of it. My problem is draining my bladder I don't have to suffer with this anymore my meds is not being full filled it should my meds I have been waiting for over two weeks

INMATE SIGNATURE

---

**PART B –RESPONSE**                    DATE RECEIVED

your Calan was ordered today, your other meds you have received

_____ Copeland HSA
CMS Department Head Signature

3/13/09
DATE

If you wish to appeal a grievance response you may file a <u>Grievance Appeal.</u> Return the completed form to the attention of the Health Service Administrator. You may place the form in the sick call request box or give it to the segregation sick call nurse on rounds.

<u>MEDICAL ADMINISTRATOR USE ONLY:</u>
☐ Medical    ☐ Dental    ☐ Mental Health    ☐ Other

| | | | | |
|---|---|---|---|---|
| ☐ | I   Quality of Onsite Care | | ☐ | VI   Timeliness of Specialty Care |
| ☐ | II   Quality of Specialty Care | | ☐ | VII   Medication Issues |
| ☐ | III   Access to Onsite Care | | ☐ | VIII   Treatment and Testing Issues |
| ☐ | IV   Access to Specialty Care | | ☐ | IX   Care Staff Conduct |
| ☐ | V   Timeliness of Onsite Care | | ☐ | X   Other |

AL-7147-CMS Inmate Grievance                    Original Medical File - Yellow to Patient

## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

RECEIVED

**EVERETTE LOVELESS #238 775**                )
    **Plaintiff, Pro-se** 2008 MAY 19  A 9: 31        )
                             ) **CASE NO:2:08-CV-36-MEF**

**VS.**                  DEBRA P. HACKETT &
                  U.S. DISTRICT COURT
                  MIDDLE DISTRICT ALA

**RICHARD F. ALLEN, et al.,**                )
    **Defendant(s)**                )
                             )

## PLAINTIFF'S AFFIDAVIT

STATE OF ALABAMA

ELMORE COUNTY

    Before me, the undersigned authority, a Notary Public, in and for said County and State of Alabama at Large, personally appeared, Everett Ray Loveless, who being known to me and being first duly sworn, deposes and says on oath as follows:

    My name is Everett Loveless. I am presently incarcerated at Staton Correctional Facility, in Elmore, County Alabama. Under the Care custody and control of the Commissioner of the Alabama Department of Corrections. Leon Forniss is the Warden administrator of the facility.

I am over twenty-one(21) years of age.

I was sent to the J. B. Evans Correctional Facility in Newellton, Louisiana, by order and under contract of the Alabama Department of Corrections where I am serving a sentence of twenty (20) years for the offense of Manslaughter.

Upon my arrival at the Louisiana Facility I requested treatment for diabetes, monitoring of my hypertension, and Hepatitis, the J. B. Evans Correctional Facility was not made aware of my medical needs prior to my transfer from the State of Alabama and as a end

result I began to suffer rectal bleeding and other problems with controlling my diabetes and hypertension.

The rectal bleeding required the staff of J. B. Evans to transport me to the Emergency Room of *River Region Medical Center, Vicksburg, MS.*

At the conclusion of this visit it was given as *"Special Instructions"* that Aspirin treatment was to be stopped until I was seen by Dr. Panzer for a follow up on 1/3/08, this appointment was not keep due to an order from Alabama that states on the Consult Form of the J. B. Evans Correctional in the denial/approved box (Defendants Exhibit –C pg 20) *"Transfer to AL"* dated January 3rd, 2008. I was returned to the State of Alabama's Department of Corrections and to this day May 14th, 2008 I am still experiencing rectal bleeding and I have filed numerous prison medical grievances, I have been screened by Prison Staff Doctor and he has requested GI. Consults that have been canceled see Defendants Exhibit- D pg.50.

I am still suffering rectal bleeding and have yet to be given a consult with a specialist who can perform the required colonoscopy to make a diagnosis of the cause of the bleeding and abdomen cramping.

Respectfully Submitted

Everette Ray Loveless, pro-se

In Witness Wherefore, I have hereunto set my hand and affixed my official seal this the 15th day of May , 2008.

Notary Public
My Commission Expires: Nov. 8, 2008

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was mailed to the

below listed party by placing same pre-paid postage and properly addressed and

depositing same in the US Mail on this the ___/4___ day of ___MAY___, 2008.

Service To:

Debra P. Hackett, Clerk
Middle District of Alabama
P.O. Box 711
Montgomery, AL. 36101-0711

Bettie J. Carmack
Assistant Attorney General
Civil Litigation Division
11 South Union Street
Montgomery, AL 36130

Submitted By

Everette Loveless  # 238 775/B1-160A
Staton Correctional Facility
P. O. Box # 56
Elmore, Al 36025-0056