IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

Everette Loveless, #238775,
    Plaintiff

v.    Civil Action No. 2:08-CV-36-MEF

Richard F. Allen, ET AL.,
    Defendant.

## MOTION FOR TEMPORARY RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTION

Comes now the Plaintiff, Everette Loveless, pro se in the above styled cause and pursuant to Fed. Rules of Civil Pro., Rule 65(A), moves this court for a preliminary injunction directing the Defendants, Richard Allen, Alabama Department of Corrections and Correctional Medical Services, for relief.

1. There is a reasonable likelihood that Plaintiff will prevail on the merits. For more than four (4) and a half months the Defendants and the present Health Care Unit as stated above have denied Plaintiff any relief for his rectal bleeding, were Plaintiff was passing clots on 12/31/07 and was sent to River Region Medical Center Emergency Room provider Dr. Shawn T. Watson stated to:

> "Plaintiff to stop using aspirin until seen by Dr. Panzer on 1/3/08 at 0830 A.M. Thursday. The exam and treatment you received today has been provided on an emergency basis only. <u>This is not a substitute for complete medical care</u>. You, not River Region Medical Center are responsible for arranging and obtaining follow-up care with a doctor or other healthcare provider which includes making arrangements for payment. If your problem worsens or new symptoms appear and you are unable to arrange prompt follow-up care, call or return to this emergency room." See Exhibit #D Defendants page 24, and 21.

1

The Plaintiff will show in Exhibits #D Defendants on page #15 on the Alabama Department of Corrections Intra-State Medical Transfer & Receiving Screening Form, that Clinical follow-up care was needed at Alabama Unit receiving Inmate: Yes and that He "needed" GI consult. That, the medical record to include any off-site consults or care information is ready for return with inmate? Yes. The D.O.C. nor Correctional Medical Services have abated this medical request by LCS Correction Services Inc. Facility medical staff, and Plaintiff continuous to bleed from the rectal caused by internal bleeding. The defendants have acted with deliberate indifference to a substantial risk of serious harm in violation of Plaintiff's rights under the Eighth Amendment.

2. There is a substantial threat of irreparable harm if the injunction is not granted. As a result of constantly bleeding that Plaintiff will die as a result of his internal bleeding. Plaintiff suffers from depression and as a result of not having proper care for internal bleeding and having to exist within an environment of all pervasive fear and anxiety I suffer manic episodes of crying, anger, and grief. I don't believe I will make it out of prison alive.

The defendants fails to address the seriousness of Loveless rectal bleeding and the denial of testing to determine the cause of this bleeding has continued unabated for-months. All requests, and orders for special test have been denied by the Defendants. Any remedy at Law for Plaintiff's injuries would be inadequate.

3. The threatened injury to Plaintiff outweighs any harm the proposed injunction may cause Defendants. The relief Plaintiff seek is an Order compelling the Defendants to perform G I consult by a specialist in that field of practice, so Plaintiff could get much

needed treatment and repair the internal bleeding and stop the defendants from retaliating against Plaintiff for exercising the right of free speech, for having filed a suit and grievances by deliberately denying Plaintiff proper treatment.

4. The public interest will not be disserved by a grant of a preliminary injunction. To the contrary, the public interest is well served by protecting the Constititional Rights of all its members.

Wherefore, Plaintiff request that upon consideration of this motion and their supporting memorandum of law this court order Defendants, their successor, agents, employees, and all persons acting in concert with them to provide Plaintiff with badly needed treatment in which Plaintiff suffers pain daily.

Respectfully submitted on this 30th day May, 2008.

Sworn and subscribed before me this 30th day of May, 2008.

_____
NOTARY PUBLIC      MY COMMISSION EXPIRES ___6__ DAY _Dec_ OF 20_08_

Everette Loveless, Plaintiff
AIS# 238775-B1-160
Staton Correctional Facility
P. O. Box 56
Elmore, Alabama 36025

CERTIFICATION OF SERVICE

I, Everette Loveless #238775, do hereby certify that I have served a copy of the foregoing pleading on the U.S. District Court, by placing same in prison mailbox at Staton Correctional Facility for U.S. Mailing postage prepaid and properly addressed to the Clerk of the Court for the United States Middle District of Alabama (Northern Division) and the Counsel for the

3

Defendant as addressed below on this the 30th day of May, 2008.

Debra P. Hackett, Clerk
Middle District of Alabama
P. O. Box 711
Montgomery, Alabama 36101-0711

Bettie J. Carmack
Assistant Attorney General
Civil Litigation Division
11 South Union Street
Montgomery, Alabama 36130

Submitted by;

Everette Loveless #238775-B1-160A
Staton Correctional Facility
P. O. Box 56
Elmore, Alabama 36025-0056

4

Everette Loveless 258995 B-160
Staton Correctional Facility
P.O. Box 56
Elmore, Alabama 36025-0056

Debra P. Hackett, Cler
Middle District of A
P.O. Box 711
Montgomery, AL 3610