IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| EVERETTE LOVELESS, #238775, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:08-CV-36-MEF |
| | ) [WO] |
| | ) |
| RICHARD F. ALLEN, et al., | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Everette Loveless ["Loveless"], a state inmate, challenges the adequacy of treatment provided to him for various medical conditions. On June 2, 2008, Loveless filed a motion for preliminary injunction (Court Doc. No. 35). In this motion, Loveless requests issuance of a preliminary injunction which requires that the defendants refer him to a free-world gastrointestinal specialist for treatment of his rectal bleeding. *Plaintiff's Motion for Preliminary Injunction - Court Doc. No. 35* at 2-3. The defendants filed a response (Court Doc. No. 41), including relevant evidentiary materials, in opposition to the plaintiff's motion for preliminary injunction.

**I. STANDARD OF REVIEW**

The decision to grant or deny a preliminary injunction "is within the sound discretion of the district court...." *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002). This court may grant a preliminary injunction only if Loveless demonstrates each of the

following prerequisites: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury will occur absent issuance of the injunction; (3) the threatened injury to Loveless outweighs the potential damage the requested injunction may cause the non-moving parties; and (4) the injunction would not be adverse to the public interest. *Palmer*, 287 F.3d at 1329; *McDonald's Corp. v. Robertson,* 147 F.3d 1301, 1306 *Cate v. Oldham*, 707 F.2d 1176 (11th Cir. 1983); *Shatel Corp. v. Mao Ta Lumber and Yacht Corp.*, 697 F.2d 1352 (11th Cir. 1983). "In this Circuit, '[a] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the "burden of persuasion"' as to the four requisites." *McDonald's*, 147 F.3d at 1306; *All Care Nursing Service, Inc. v. Bethesda Memorial Hospital, Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989) (a preliminary injunction is issued only when "drastic relief" is necessary); *Texas v. Seatrain Int'l, S.A.,* 518 F.2d 175, 179 (5th Cir. 1975) (grant of preliminary injunction "is the exception rather than the rule," and movant must clearly carry the burden of persuasion). The moving party's failure to demonstrate a "substantial likelihood of success on the merits" may defeat the party's claim, regardless of the party's ability to establish any of the other elements. *Church v. City of Huntsville*, 30 F.3d 1332, 1342 (11th Cir. 1994); *see also Siegel v. Lepore,* 234 F.3d 1163, 1176 (11th Cir. 2000) (noting that "the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper"). "'The chief function of a preliminary injunction is to preserve the status quo until the merits of the controversy can be fully and

2

fairly adjudicated.' *Northeastern Fl. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville, Fl.*, 896 F.2d 1283, 1284 (11th Cir.1990)." *Suntrust Bank v. Houghton Mifflin Co.*, 268 F.3d 1257, 1265 (11th Cir. 2001).

## II.  DISCUSSION

### A.  Arguments of the Parties

Loveless argues he is entitled to issuance of a preliminary injunction to ensure the defendants "address the seriousness of [his] rectal bleeding" and provide necessary "testing to determine the cause of this bleeding." *Plaintiff's Motion for Preliminary Injunction - Court Doc. No. 35* at 2. In their response to the motion for preliminary injunction, the defendants filed requisite medical records and an affidavit from Darryl Ellis, the director of nursing at Staton Correctional Facility. In his affidavit, Ellis addresses Loveless' claims as follows:

> ... Inmate Loveless has requested an injunction ordering the "Defendants to perform [a] GI consult by a specialist in that field of practice." Inmate Loveless' request stems from his allegation that he has not received treatment for his rectal bleeding. I have reviewed Inmate Loveless' medical records and the records indicate that Inmate Loveless has received extensive treatment for his rectal bleeding.
> First, Inmate Loveless states in his memorandum of law that the defendants lied about ordering him a gastrointestinal consult upon his transfer to Louisiana. According to Inmate Loveless, his rectal bleeding did not start until after he was transferred to the Louisiana correctional facility; therefore, there would have been no need for Alabama Prison officials to order a gastrointestinal consultation. Inmate Loveless' medical records, however, indicate that he has had rectal bleeding off and on for 14 years. In fact, Inmate Loveless had a colonoscopy for rectal bleeding in February of 2007. At that time, Inmate Loveless was diagnosed with [colon] polyps,

which were removed, and instructed to have another colonoscopy in three (3) years. [The medical records indicate Loveless also suffered from hemorrhoids at this time.]

Second, Inmate Loveless contends that his rectal bleeding is not being treated or the defendants are deliberately indifferent to his need for medical treatment. Inmate Loveless is frequently seen in the medical care facility to have blood work drawn, his blood pressure checked, and his medical concerns evaluated. The medical facility has done everything it can to make sure that Inmate Loveless receives proper medical care. The named defendants, however, have no say in what medical care a prison inmate receives. The medical care of inmates is governed by the medical facility director, not the Warden of any facility, not the Prison Commissioner, or the Associate Commissioner of health services for the Alabama Department of Corrections.

Third, Inmate Loveless' gastrointestinal examination [with a free-world physician] was scheduled shortly after the medical facility requested approval for the procedure. The medical care facility cannot inform the inmate of the date of a medical procedure, outside of the facility, because such knowledge can assist the inmate in planning an escape or some other security risk. At the date of this affidavit, [June 11, 2008,] Inmate Loveless is scheduled for a gastrointestinal consultation on June 11, 2008 with Dr. Bianchi, who practices at Elmore County Hospital.

*Court Doc. No. 41-6 -- Exhibit J to the June 26, 2008 Response of the Defendants to Plaintiff's Motion for Preliminary Injunction*. Additionally, the medical records submitted by the defendants establish that Loveless is scheduled for a colonoscopy on July 2, 2008.

### B. The Prerequisites

Turning to the first prerequisite for issuance of preliminary injunctive relief, the court considers whether Loveless has proven a substantial likelihood of success on the merits. Having reviewed Loveless' request for preliminary injunctive relief and all relevant evidentiary materials filed by the parties, the court concludes that Loveless has

failed to meet his burden as to this prerequisite. At this stage of the proceedings, Loveless simply has not established a *substantial likelihood* of success on the merits. The court advises the parties that this determination is merely a decision addressing the plaintiff's likelihood of success and is in no way a determination of the actual merits of the issues pending in this case.

Loveless also fails to demonstrate a substantial threat that he will suffer the requisite irreparable injury absent issuance of a preliminary injunction. The third factor, balancing potential harm to the parties, appears to weigh more heavily in favor of the defendants because issuance of the requested injunction would have an unduly adverse affect on the ability of prison medical care providers to exercise their professional judgment in determining the appropriate course of treatment for inmates. Finally, the public interest element of the equation is a neutral factor at this juncture. Thus, Loveless has failed to meet his burden of demonstrating the existence of each prerequisite necessary to warrant issuance of a preliminary injunction.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The motion for preliminary injunction filed by the plaintiff on June 2, 2008 (Court Doc. No. 35) be DENIED.

2. This case be referred back the undersigned for additional proceedings.

It is further

ORDERED that on or before July 9, 2008 the parties may file objections to the Recommendation. Any objection must specifically identify the findings in the Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable. Failure to file written objections to the proposed findings in the Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc), adopting as binding precedent all decisions of the former Fifth Circuit issued prior to September 30, 1981.

Done this 26th day of June, 2008.

                /s/   Wallace Capel, Jr.
               WALLACE CAPEL, JR.
               UNITED STATES MAGISTRATE JUDGE